UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:21-CR-32 JD

ASA TOMPKINS

## OPINION AND ORDER

On December 21, 2023, defendant Asa Tompkins moved, through counsel, to reduce his sentence pursuant to the retroactive components of Amendment 821 to the United States Sentencing Guidelines. (DE 40.) Pursuant to General Order 2023-32 of this District, the United States Probation Office filed an addendum to the Presentence Investigation Report reflecting that Mr. Tompkins is eligible for relief under the Amendment. This Addendum was provided to defendant's counsel and counsel for the Government.

### A. Background

The Court previously sentenced Mr. Tompkins to 37 months of imprisonment on the single count of the indictment. (DE 32.) At the time of sentencing Mr. Tompkins' offense level was 17 (DE 23 ¶ 34.) Mr. Tompkins also had 6 criminal history points based on his prior convictions and an additional 2 "status points" for committing the instant offense while serving another criminal justice sentence, for a total of 8 points placing him in Category IV. (*Id.* ¶¶ 46–48.) This resulted in a Guidelines recommended sentencing range of 37 to 46 months. (*Id.* ¶ 96.)

### B. Legal Authority

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of a reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step the Court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.*

**C. Discussion**

The parties have now filed a joint statement in support of the motion recommending that Mr. Tompkins' sentence be amended to a term of 30 months' imprisonment. (DE 42.)

This recommendation is based on Mr. Tompkins' prior Guidelines adjustment for "status points" which was the subject of a retroactive portion of Amendment 821. While Mr. Tompkins previously received 2 additional criminal history points as status points, under the latest version of the guidelines he would not receive any points. U.S.S.G. § 4A1.1(e). This would result in his placement in Criminal History Category III, instead of Category IV and a revised Guideline sentence of 30 to 37 months of imprisonment.

As to the step one analysis under *Dillon*, the Court agrees with the parties that Mr. Tompkins is eligible for resentencing as his original Guideline range was reduced by a subsequent act of the Sentencing Commission.

Turning to the step two analysis, the Court finds the parties recommendation is appropriate under the circumstances of the case. The Court's original sentence was at the low end of the applicable Guideline range, as is the proposed new sentence. The Court finds that its prior § 3553(a) factor analysis at the original sentencing, including his difficult childhood and how his absence would likely cause a hardship to his family, is mitigating. The Court finds that Mr. Tompkins' post incarceration conduct does not weigh against a reduction. Mr. Tompkins has two sanctions in the BOP for refusing work assignments in January and March 2023. (DE 41 at 2.) However, these sanctions are not particularly serious and somewhat offset by Mr. Tompkins taking GED and drug education classes while incarcerated which is rehabilitative conduct that supports a reduction. (*Id.*)

**D. Conclusion**

Accordingly, the Court GRANTS Mr. Tompkins' motion to reduce his sentence (DE 40) and ORDERS that Mr. Tompkins' sentence be AMENDED to 30 months of imprisonment.

SO ORDERED.

ENTERED:  February 2, 2024

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court

3